UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PCC AIRFOILS, LLC,

    Plaintiff,

v.                                       Case No. 813-cv-1805-T-33-MAP

NICHOLAS KLOCHAK,

    Defendant.

_____/

## STIPULATED CONSENT DECREE, FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

WHEREAS, Defendant Nicholas Klochak ("Klochak") was employed as a process engineer at Plaintiff PCC Airfoils, LLC ("Airfoils") from approximately November 1988 through approximately July 2011 (Klochak and Airfoils are referred to collectively herein as the "Parties");

WHEREAS, on October 17, 1989, Klochak entered into a non-disclosure agreement (the "NDA," a copy of which is attached) in which he agreed to refrain from disclosing to third parties certain confidential and/or proprietary information, including: (1) customer lists; (2) prices; (3) company policies, procedures and objectives; (4) special metal specifications and metal melting and pouring techniques; (5) drawing techniques; (6) wax formulations; (7) heat treatments; and (8) any other information that Klochak knew to be proprietary and confidential;

WHEREAS, throughout his tenure at Airfoils, Klochak had access to Airfoils' "trade secrets," as that term is defined by Fla. Stat. § 688.002(4);

WHEREAS, in the days leading up to his departure from Airfoils in July 2011, Klochak downloaded numerous Airfoils documents and other information onto one or more "thumb drives" (the information referenced in this paragraph is referred to hereinafter as the "Materials");

WHEREAS, Klochak resigned from Airfoils effective July 15, 2011, and continued to possess the Materials for some period thereafter;

WHEREAS, after the end of his employment with Airfoils, Klochak began his employment as a process engineer at United Technologies Corporation's Pratt & Whitney Division ("P&W"), a customer and competitor of Airfoils;

WHEREAS, in or about February 2012, Airfoils filed an action in the Court of Common Pleas for Cuyahoga County, Ohio (the "Ohio Litigation"), alleging, among other things, that Klochak had misappropriated Airfoils' trade secrets;

WHEREAS, in or about July 2012, P&W terminated Klochak's employment;

WHEREAS, in or about December 2012, Klochak began working as a process engineer at Chromalloy Castings ("Chromalloy"), a competitor of Airfoils, in Chromalloy's Tampa, Florida plant;

WHEREAS, on or about July 12, 2013, Airfoils filed the present action;

WHEREAS, Mr. Klochak denied any liability as to the claims alleged in the present action;

WHEREAS, on July 16, 2013, Airfoils dismissed the Ohio Litigation;

WHEREAS, Klochak has confirmed in a sworn declaration, a copy of which is attached as Exhibit 1 hereto, that he: (1) never disclosed, provided copies of, or otherwise transferred any of the Materials to any third party; (2) by no later than July 24, 2011, deleted the Materials and all copies of any and all of the Materials from every computer, external hard drive, thumb drive, and all other media within his possession, custody, or control; and (3) has not and hereafter will not disclose to any third party any of Airfoils' trade secrets, confidential or proprietary information, or Materials;

WHEREAS, the Parties, wishing to resolve this action while conserving the resources of the Parties and of this Court, have entered into a settlement agreement, a copy of which is attached as Exhibit 2 hereto (the "Settlement Agreement"), and have agreed to entry of this Consent Decree and Final Judgment;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, AS FOLLOWS:

I.   JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action and over both Parties. Venue is proper in this District.

II.   VOLUNTARY ACT OF THE PARTIES

The Parties expressly acknowledge and agree that this Consent Decree and Final Judgment is voluntarily entered into as the result of arms'-length negotiation, and both Parties have been represented by counsel in deciding to enter into this Consent Decree and Final Judgment.

III.   INJUNCTIVE RELIEF

Klochak is permanently enjoined from using, disseminating or disclosing Airfoils' trade secrets (as that term is defined by Fla. Stat. § 688.002(4)) and Materials.

IV.   MISCELLANEOUS PROVISIONS     *[handwritten: The Court declines to retain jurisdiction over this case.]*

A.   ~~Jurisdiction of this case is retained by this Court for the purposes of implementing and enforcing this Consent Decree and Final Judgment. The Parties may apply to this Court at any time for further orders and directions as may be necessary or appropriate for the implementation and enforcement of this Consent Decree and Final Judgment.~~

B.   This Consent Decree and Final Judgment shall not be modified (by this Court, by any other court or by any other means) unless the Party seeking modification demonstrates, by clear and convincing evidence, that it will suffer irreparable harm from new and unforeseen conditions. Changes in the economic conditions of the Parties shall not be grounds for modification.

C.   The remedies in this Consent Decree and Final Judgment are cumulative and in addition to any other remedies Airfoils may have at law or equity under the Settlement Agreement, even though that conduct may also violate this Consent Decree and Final Judgment.

D.   Nothing herein shall be construed to relieve Klochak of his obligations under the NDA, which remains fully in force and effective.

E.  Neither Party shall be considered the drafter of this Consent Decree and Final Judgment for the purposes of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter.

F.  The settlement negotiations resulting in this Consent Decree and Final Judgment have been undertaken in good faith and for settlement purposes only, and no evidence of negotiations or discussions underlying this Consent Decree and Final Judgment shall be offered or received in evidence in any action or proceeding for any purposes.

V. FINAL DISPOSITION

All claims in this action are hereby dismissed with prejudice.

SO STIPULATED:

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Ignacio J. Garcia
Florida Bar No.: 423440
(813) 289-1247
Of Attorneys for PCC Airfoils, LLC

FOWLER WHITE BOGGS, P.A.

By: _____
Richard G. Salazar
Florida Bar No.: 0899615
(813) 228-7411
Of Attorneys for Nicholas Klochak

IT IS SO ORDERED

By: _____
HON. VIRGINIA M. HERNANDEZ COVINGTON

This 14th day of March, 2014